In re Peter J. LOUQUET and Frances Louquet, Debtors.

Kathleen McDONALD, Trustee, Appellant,

v.

Peter J. LOUQUET and Frances Louquet, Appellees.

BAP No. NV–89–2193–OAsP.

Bankruptcy No. BK–S–87–2681.

United States Bankruptcy Appellate Panel, of the Ninth Circuit.

Argued and Submitted Nov. 28, 1990.

Decided Feb. 25, 1991.

Rene Feinstein, Las Vegas, Nev., for appellant.

No appearance was made for appellees.

Before OLLASON, ASHLAND and PERRIS, Bankruptcy Judges.

## OPINION

The Chapter 13 trustee appeals the bankruptcy court's order denying her motion to modify debtors' plan to increase plan payments. We REVERSE and REMAND.

The parties have stipulated to the facts presented. Debtors Peter and Frances Louquet filed a chapter 13 petition on September 29, 1987. At the time of filing, Peter Louquet was a self-employed insurance adjuster with a monthly net income of $1875; Frances Louquet had a monthly net income of $100. The debtors' income and expense statement reflected monthly expenses of $1808. Of their $167 monthly disposable income, $150 was the scheduled plan payment. The plan did not provide for all disposable income earned throughout the term of the plan to be applied to plan payments.

In the two years following plan confirmation, Mr. Louquet's monthly net income increased to $2800, while Mrs. Louquet's remained at $100. The trustee filed a motion to increase plan payments to $500 per month, in order to pay unsecured creditors more than the one percent they were to receive under the plan. The bankruptcy judge denied the motion on the ground that no disposable income objection had been made by the trustee at the confirmation hearing and, therefore, because the plan was confirmed without a provision requiring payment into the plan of all disposable income, no such modification could be approved.

The issue on appeal is whether a trustee is precluded from seeking modification of a chapter 13 plan because she did not raise a disposable income objection at the plan confirmation stage. The panel reviews this question of law *de novo*.

A chapter 13 plan must be confirmed if the elements set out in 11 U.S.C. § 1325(a) are present unless the trustee or an unsecured creditor objects to confirmation, in which case the plan must provide that all of the debtor's projected disposable income throughout the plan period will be applied to plan payments, 11 U.S.C. § 1325(b)(1)(B).

Section 1329(a) of 11 U.S.C. permits the trustee to seek modification of a confirmed plan to increase payments to a particular class, subject only to the same Code requirements imposed when initial plan confirmation is at issue, 11 U.S.C. § 1329(b)(1). This means only that the modified plan must be consistent with statutory requirements for confirmation. Modification of a confirmed plan may be warranted by a substantial change in a debtor's financial condition, *In re Arnold*, 869 F.2d 240 (4th Cir.1989), although courts do not agree on the standard against which the proposed modification should be measured. *In re Perkins*, 111 B.R. 671 (Bankr. M.D.Tenn.1990). However, regardless of the appropriate standard, in this case the trustee did not have an opportunity to present evidence that the Louquets' higher monthly income would justify an increase in plan payments.

Therefore, the bankruptcy court's order is reversed and the case is remanded for further proceedings consistent with this decision.