**In re Gloria Theresa POWERS, Debtor.**

**Gloria Theresa POWERS, Appellant,**

**v.**

**Anabelle G. SAVAGE, Trustee, Appellee.**

BAP No. NV–95–1650–AsVPa.

Bankruptcy No. 93–30697.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted May 3, 1996.

Decided Oct. 24, 1996.

Amended Opinion Nov. 21, 1996.

Michael Lehners, Reno, NV, for Appellant.

William A. Van Meter, Reno, NV, for Appellee.

Before: ASHLAND, VOLINN, and PAPPAS [1], Bankruptcy Judges.

1. Honorable Jim D. Pappas, Chief Bankruptcy Judge for the District of Idaho, sitting by designation.

## AMENDED OPINION

ASHLAND, Bankruptcy Judge:

### STATEMENT OF FACTS

The debtor, Gloria Powers, filed a Chapter 13 petition on April 27, 1993. At the time of filing she was employed as a card dealer at the Hyatt Incline Village, a casino at Lake Tahoe. Her gross pay was $1,877 and she received $356 in social security which resulted in a total net monthly income of $1,864.90. Expenses were scheduled at $1,740 per month. The debtor's plan was confirmed on November 14, 1993 and provided for payments of $140 per month for four years. These payments covered a $1,000 administrative debt for attorney's fees and a $3,430 Internal Revenue Service tax lien. The remainder went to unsecured creditors consisting of the Internal Revenue Service, Mervyn's department store, and the California State Franchise Tax Board.

As the result of an audit of card dealers at the Hyatt Incline Village, the IRS had determined that income tax should be assessed based on an assumed tip of nine dollars per hour. When the debtor's plan was confirmed, she had used the IRS estimate of tip income in her bankruptcy schedules in order to project her disposable income under the plan. Following the audit, the casino changed its procedure for collection and payment of tips to its employees. Under the new policy, actual tips paid during a shift were pooled and distributed pro rata to employees based on the number of hours worked. The actual tips were then reported to the IRS as taxable income.

As a result of this change in policy as well as increased business at the casino, the debtor's post-confirmation income increased by forty-eight percent (48%). After discovering the increase, the trustee moved to amend the plan pursuant to Bankruptcy Code § 1329(a)(1) to increase the plan payment. Specifically, the trustee requested that the payment be increased to $886 per month for the remaining 13 months of the initial 36-month plan period and then be reduced again to $140 per month for the last 12 months of the 48-month plan. The trustee's motion indicated that the debtor's gross income had increased to $2,774 per month. The debtor's

amended schedules reflect gross income of $2,880.55 and a net pay of $2,108.85 after deducting taxes and $150 for a 401(k) contribution. The debtor no longer received income from social security. Her expenses had also changed with amended Schedule J reflecting $500 per month in college expenses for her daughter.

Based on the information presented, the bankruptcy court found that the increase in income was substantial and that it was not foreseeable at the time of confirmation. The court determined that a portion of the proposed increase was warranted and ordered that the plan payments be increased to $640 per month for the remaining 13 months of the initial 36-month period and then be reduced again to $140 for the remainder of the plan. The order modifying the plan was entered June 7, 1995 and the debtor filed a timely notice of appeal.

### ISSUE PRESENTED

Whether the bankruptcy court erred as a matter of law in determining that in order to modify plan payments pursuant to Bankruptcy Code § 1329(a)(1) the increase in debtor's income must have been both substantial and unanticipated.

### STANDARD OF REVIEW

■ A bankruptcy court's findings of fact are reviewed under the clearly erroneous standard and its conclusions of law are reviewed de novo. *Ragsdale v. Haller*, 780 F.2d 794, 795 (9th Cir.1986). Because modification under § 1329 is discretionary, review is limited to a determination of whether the bankruptcy court abused its discretion in modifying the plan. *In re Witkowski*, 16 F.3d 739, 746 (7th Cir.1994).

### DISCUSSION

Bankruptcy Code § 1329(a) provides that any time after confirmation but before completion of payments a plan may be modified, at the request of the debtor, trustee, or a secured claim holder, to increase or decrease the amount of payments on claims. 11 U.S.C. § 1329(a)(1). In reaching its decision to increase the debtor's plan payment, the

bankruptcy court relied on *In re Anderson,* 21 F.3d 355 (9th Cir.1994), for the proposition that before modification is appropriate there must be a substantial change in the debtor's ability to pay since the time of confirmation and that this change was unanticipated or otherwise not taken into account at the confirmation hearing. The bankruptcy court determined that the 48% increase in the debtor's income was substantial and that the increase was not foreseeable at the time of confirmation. The primary issue on appeal is whether these threshold requirements for modification are appropriate under Code § 1329(a).

The appellee argues that *Anderson* is not an appropriate standard and that there should be no threshold requirements for plan modification. Appellee correctly points out that the test delineated in *Anderson* is dicta and that § 1329 does not, by its terms, impose such a prerequisite. Section 1329 states only that a plan "may" be modified. The appellee urges this panel to adopt the approach taken by the Seventh Circuit Court of Appeals in *In re Witkowski* which found that no threshold change in circumstances standard was imposed either by statute or by the common law doctrine of res judicata. *Witkowski,* 16 F.3d at 743.

In *Witkowski,* the bankruptcy court approved a plan which provided that unsecured creditors would receive 10% of their claims. After some creditors failed to file claims, the trustee moved to modify the plan in order to increase the percentage for those creditors who did file. On appeal, the debtor argued that a bankruptcy court cannot modify an approved plan unless the trustee demonstrated an unanticipated and substantial change in the debtor's financial situation. *Witkowski,* 16 F.3d at 742. In support of this position, the debtor relied on the Fourth Circuit's decision in *In re Arnold,* 869 F.2d 240 (4th Cir.1989), which indicated that such a change was a prerequisite to modification.

However, the *Witkowski* court rejected the approach taken in *Arnold,* finding instead that § 1329 "does not require any threshold requirement for a modification...." 16 F.3d at 744. Section 1329 "is clear and unambiguous and gives the debtor, creditor, or trustee

the absolute right to seek a modification." 16 F.3d at 744. The court also rejected the argument that res judicata prevents modification of an approved plan unless a change in circumstances is demonstrated. As the court saw it, the common-law principle of res judicata does not apply where a contrary statutory purpose is evident. The court noted that modification pursuant to § 1329 provides a mechanism for changing the binding effect of § 1327. The court concluded that Congress did not intend the common law doctrine of res judicata to apply to § 1329 modifications, otherwise there would be little or no reason for that section. *See also In re Edwards,* 190 B.R. 91 (Bankr.M.D.Tenn.1995); *In re Perkins,* 111 B.R. 671 (Bankr.M.D.Tenn. 1990).

*Witkowski* held that the circumstances for which modification is made available under § 1329(a) served to set limits on the process. *See* § 1329(a)(1)–(3). The court also noted that modification is available only if §§ 1322(a), 1322(b), 1325(a) and 1323(c) of the Bankruptcy Code are met. *See* § 1329(b)(1). Moreover, § 1325(a)(3) was seen as providing a further limit on meaningless motions by requiring that a plan be proposed in good faith. *Witkowski,* 16 F.3d at 746. "In sum, the clear and unambiguous language of § 1329 negates any threshold change in circumstances requirement and clearly demonstrates that the doctrine of res judicata does not apply." 16 F.3d at 746.

In this case, the bankruptcy court relied on *Anderson* when determining whether the debtor's change in income was both substantial and unanticipated at the time of confirmation such that the plan could be properly modified. *See Anderson,* 21 F.3d at 358. As noted earlier, the threshold requirements laid out in *Anderson* are dicta. In *Anderson,* the Ninth Circuit held that the bankruptcy court improperly denied confirmation of the debtors' plan after they refused to sign a best efforts certification requiring them to pay into the plan all of their "actual" rather than "projected" disposable income. 21 F.3d at 358. Such a requirement violated the standard imposed by § 1325(b)(1)(B). The court also observed that automatic adjustment of the plan payments inherent in pay-

ing "actual" income was inconsistent with the Code's modification procedures. 21 F.3d at 358.

The court noted that a trustee can request modification under § 1329 but would have the burden of showing a substantial change in the debtor's ability to pay since the plan was confirmed and that the prospect of that change had not already been taken into account at the time of confirmation. 21 F.3d at 358 (citing *In re Arnold,* 869 F.2d 240, 241 (4th Cir.1989); *Education Assistance Corp. v. Zellner,* 827 F.2d 1222, 1226 (8th Cir.1987); *In re Fitak,* 121 B.R. 224, 228 (S.D.Ohio 1990)). However, *Anderson* was not a modification case and so the issue was not directly before the court.

The recent Bankruptcy Appellate Panel opinion in *In re Heath* made reference to the modification standard implicit in *Anderson.* In *Heath,* the panel held that absent some minimal showing at the time of confirmation that a tax refund is projected, the trustee cannot require that actual refunds received be committed to the plan. *In re Heath,* 182 B.R. 557, 561 (9th Cir. BAP 1995). The panel noted that a trustee failing to meet that burden could later seek modification of the plan after showing a substantial change in the debtor's ability to pay and that the prospect of change had not already been taken into account. *Heath,* 182 B.R. at 561 n. 5 (citing *Anderson,* 21 F.3d at 357). *See also In re Louquet,* 125 B.R. 267 (9th Cir. BAP 1991). However, like *Anderson, Heath* was not a modification case so the delineated test is dicta.

■ Instead, we conclude that the better reasoned approach is that expressed in *Witkowski.* As such, we decline to hold that the change must be substantial and unanticipated as suggested by various cases in this circuit. The plain language of § 1329 simply does not support a change in circumstances as a prerequisite to modification. *Witkowski,* 16 F.3d at 746. *See also In re Powers,* 140 B.R. 476, 478 (Bankr.N.D.Ill.1992); *In re Perkins,* 111 B.R. 671, 673 (Bankr.M.D.Tenn.1990) (changed circumstances, anticipated or not, are not imposed by the code as a threshold to modification); *In re Larson,* 122 B.R. 417, 420 (Bankr.D.Idaho 1991) (refusing to impose

a threshold requirement on the similarly worded modification statute applicable to Chapter 12 bankruptcies).

■ Moreover, such a standard derives from the belief that res judicata acts as a bar to modification of the plan. We agree with *Witkowski's* recognition that common-law res judicata does not apply when a contrary statutory purpose is evident. *Witkowski,* 16 F.3d at 744, citing *Astoria Federal Sav. and Loan Ass'n. v. Solimino,* 501 U.S. 104, 108, 111 S.Ct. 2166, 2169–70, 115 L.Ed.2d 96 (1991).

■ The statutory framework of the Code assumes the possibility of post-confirmation modifications. Modification pursuant to § 1329 provides a mechanism to change the binding effect of § 1327. Had Congress intended res judicata to apply, there would be little or no reason for the existence of § 1329.

■ Although a party has an absolute right to request modification between confirmation and completion of the plan, modification under § 1329 is not without limits. Section 1329(a)(1) limits the kinds of modifications that can be proposed. Furthermore, § 1329(b)(1) protects the parties from unwarranted modification motions by ensuring that the proposed modifications satisfy the same standards as required of the initial plan. *See* 11 U.S.C. §§ 1322(a), 1322(b) and 1323(c). Like the initial plan, modifications must be proposed in good faith. 11 U.S.C. § 1325(a)(3). Finally, the circumstances of the debtor's changed financial situation can then be considered in exercise of the court's discretion.

■ In sum, the only limits on modification are those set forth in the language of the Code itself, coupled with the bankruptcy judge's discretion and good judgment in reviewing the motion to modify. Although we have determined that the appropriate standard for modification is different than that which the bankruptcy court applied, we need not reverse in this instance. Although changed circumstances are not a prerequisite to modification, the court may properly consider them in exercise of its discretion.

Finally, we must consider whether the bankruptcy court abused its discretion in approving the proposed modification. Modification is discretionary under § 1329 and is reviewed for an abuse of discretion. *Witkowski,* 16 F.3d at 746. Moreover, modification of a plan is essentially a new confirmation and must be consistent with the statutory requirements for confirmation. *Louquet,* 125 B.R. 267, 268 (9th Cir. BAP 1991).

Here, the bankruptcy court found that the debtor's income had increased by 48%. In dollar figures, this was an increase from $1,877 gross to somewhere around $2,880 gross pay. The court recognized that she had amended her schedules to include $150 for a 401(k) contribution and $500 college expenses for her daughter and that these expenses were arguably not properly included in calculating disposable income. The court agreed to increase the payments by only $500 for the remaining 13 months of the initial 36–month plan period. This, the court said, would still allow the debtor to fund the retirement plan and contribute toward her daughter's college expenses. It seems apparent that the debtor's income had increased sufficiently to make the increased payments possible. We find no abuse of discretion on the part of the court.

### CONCLUSION

For the foregoing reasons, the decision of the bankruptcy court to grant modification of the debtor's plan is affirmed.

VOLINN, Bankruptcy Judge, amended concurrence:

I concur with the basic reasoning and result of the majority which concludes that the trial court correctly granted the trustee's motion for modification of the debtor's previously confirmed plan. The motion was granted by the trial court on the basis of its finding that following confirmation there was a substantial increase in the debtor's income which was not foreseeable at the time of confirmation.

I am constrained to state, however, that the majority's commentary on the issue of whether the trustee can make a motion for modification where there has not been a substantial change is unwarranted. There are divergent views on this issue among the circuits as noted in *In re Witkowski,* 16 F.3d 739, 743 (7th Cir.1994) which was cited with approval by the majority. *Witkowski* rejects *In re Arnold,* which it cites as a leading case among a number of bankruptcy court opinions which have required an "unanticipated substantial change in financial circumstance" to support a motion for modification. *See In re Arnold,* 869 F.2d 240, 241 (4th Cir.1989) ("it is well-settled that a substantial change in the debtor's financial condition after confirmation may warrant a change in the level of payments").

Had the trial court found that there was no change, a discussion involving the issue of the need to show substantial change would be warranted. Such is not the case. The fact that there was a change is undisputed. Nevertheless, the majority proceeded to discuss the issue as if there were no change, stating "we conclude that the better reasoned approach is that expressed in *Witkowski.* As such, we decline to hold that the change must be substantial and unanticipated as suggested by various cases in this circuit."

There are cases in this circuit which run contrary to *Witkowski.* In *In re Anderson,* the Ninth Circuit Court of Appeals stated:

Under § 1329, the trustee may request modification of the debtor's plan. If the debtor or a creditor objects to the modification, the trustee "must bear the burden of showing a substantial change in the debtor's ability to pay since the confirmation hearing and that the prospect of change had not already been taken into account at the time of confirmation."

*Anderson,* 21 F.3d 355, 358 (9th Cir.1995) (citations omitted). *See also In re Heath,* 182 B.R. 557, 561 (9th Cir. BAP 1995) (stating that a trustee is free to seek modification after confirmation if circumstances so warrant, in which event "the trustee bears the burden of showing a substantial change in the debtor's ability to pay since the confirmation hearing and that the prospect of the change had not already been taken into account at the time of confirmation") (citing

*Anderson,* 21 F.3d at 358). The language of both of these cases was dicta, and, therefore, not binding. However, an appellate court treats dicta from a superior court with due deference. See *United States v. Baird,* 85 F.3d 450, 453 (9th Cir.1996), *petition for cert. filed.* I see no reason here to determine that the Ninth Circuit Court of Appeals or the BAP was in error.

In summary, the debtor conceded and the court found that her circumstances had changed. I believe that it is therefore gratuitous to discuss the issue of substantial change, particularly in the light of the indicated divergent views which include appellate authority in the Ninth Circuit.