In re Herbert A. STUDER and Norma J. Studer, Debtors.

Bankruptcy No. 97–03414–6J3.

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Aug. 12, 1998.

Robert H. Pflueger, Altamonte Springs, Florida, for debtors.

Laurie K. Weatherford, Winter Park, Florida, Chapter 13 Standing Trustee.

*FINDINGS OF FACT AND CONCLU-*
*SIONS OF LAW ON MOTION BY*
*TRUSTEE TO MODIFY CON-*
*FIRMED PLAN*

KAREN S. JENNEMANN, Bankruptcy Judge.

This case was heard on May 19, 1998, on the Trustee's Motion to Modify the Confirmed Plan (the "Motion") (Doc. No. 22). Subsequently, the parties have filed legal memoranda in support of their respective positions (Doc. Nos. 26 and 27). Based upon the evidence presented, the legal au-

thorities submitted, and the position of all interested parties, the Motion is granted.

*Facts.* The debtors, Herbert and Norma Studer (the "Debtors"), filed a voluntary petition under Chapter 13 of the Bankruptcy Code on April 25, 1997. On October 21, 1997, a confirmation hearing was held regarding the Debtors' proposed Chapter 13 Plan (the "Plan"). Under the Plan, the Debtors are required to make monthly payments of $200.00 for 36 months. The Debtors have unsecured non-priority claims of $44,032.14, and no secured claims.

In early November 1997, Norma Studer was involved in an automobile accident. On March 12, 1998, the Debtors settled the claims arising from this accident for $100,-000.00. After deducting attorney's fees, costs, and $14,705.00 for medical expenses, the Debtors received a payment of $51,-846.67 (the "Settlement Proceeds").

The order confirming the Plan (the "Confirmation Order") was not entered until March 31, 1998, several months after the confirmation hearing and the accident. Coincidentally, the Debtors waited until *after* the Confirmation Order was entered to inform the Trustee for the first time of the accident and the receipt of the Settlement Proceeds. The Trustee did not learn of the newly acquired Settlement Proceeds until April 8, 1998. The Trustee immediately filed this Motion in response.

In the Motion, the Trustee asserts that the Debtors' receipt of the Settlement Proceeds was an unanticipated and substantial change in the Debtors' circumstances that warrant modification of the Plan. The Trustee next argues that the Settlement Proceeds are property of the estate which the Debtors should include in calculating their disposable income.

1. Unless otherwise referenced, all statutory sections are from Title 11 of the United States Code.

2. Section 348(f)(1)(A) provides that:
 [e]xcept as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter

The Debtors oppose the Trustee's motion asserting that the Settlement Proceeds are not property of the estate because the recovery of the money was not anticipated when the Debtors filed their Chapter 13 petition. The Debtors further argue that the Plan was confirmed prior to the accident and that any monies attributable to settlement of claims arising from the accident should not be used to increase payments under the Plan.

■ *The Settlement Proceeds Are Property of the Estate.* Section 1306 of the Bankruptcy Code [1] defines property of the estate in a Chapter 13 case. Specifically, Section 1306(a)(1) provides that:

> [p]roperty of the estate includes ... all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

*See generally In re Euerle,* 70 B.R. 72, 73 (Bankr.D.N.H.1987). Here, the Debtors acquired the Settlement Proceeds after the commencement of the case. The case has not been closed, dismissed, or converted. Therefore, the proceeds constitute property of the estate pursuant to Section 1306(a).

The Debtor's reliance on Section 348(f)(1)(A) [2] to determine what constitutes property of the estate is misplaced. Section 348 is applicable to determine the effect of conversion. *See* 5 Collier on Bankruptcy, ¶ 1306.04 (15th ed. 1993) (Section 348(f) defines property of the estate when a Chapter 13 case is converted to a case under another chapter). Here, the case has not been converted, and Section 348 is inapplicable. Section 1306 con-

under this title—property of the estate in the converted case shall consist of property of the estate, as of the date of the filing of the petition, that remain in the possession of or is under the control of the debtor on the date of conversion.

trols and includes all after acquired property including the Settlement Proceeds.

Moreover, the Settlement Proceeds were received by the Debtors prior to the entry of the Confirmation Order. The settlement monies were received on March 12, 1998. The Confirmation Order was not entered until March 31, 1998, almost five months after the automobile accident and approximately two weeks after the settlement.

■ The Plan does not become effective and binding[3] on creditors until a written confirmation order is entered. *In re Davidson,* 72 B.R. 384, 387 (Bankr. D.Colo.1987). Because the Settlement Proceeds were received prior to the entry of the Confirmation Order, the proceeds clearly should have been included in distributions to creditors. Unfortunately, in this case, the Debtors were not timely or forthcoming in informing the Trustee of the Settlement Proceeds, and the Confirmation Order was entered before an appropriate determination was made as to whether the Settlement Proceeds should alter the Debtors' disposable income.[4]

*Modification of the Plan.* Because the Settlement Proceeds constitute disposable income subject to distribution, a modification of the current Plan is now necessary. Section 1329(a)(1) provides that "[a]t any time after confirmation of the plan, but before the completion of payments under such plan, the plan may be modified, upon the request of ... the trustee ... to increase or reduce the amount of payments."

Any increase in income "necessitat[es] the modification of the debtors' confirmed Chapter 13 plan to conform with the debtors' increased disposable income." *In re Collier,* 198 B.R. 816, 817 (Bankr.N.D.Ala. 1996).

Although modification of the confirmed plan is contemplated by Section 1329, courts are split as to whether a substantial and unanticipated change[5] in the debtor's circumstances is needed to justify modification of the plan. Some courts hold that the doctrine of "res judicata" requires a substantial and unanticipated change in the debtor's circumstances for modification. *In re Wilson,* 157 B.R. 389, 390 (Bankr.S.D.Ohio 1993). These courts reason that "§ 1329(a) should not be abused by repetitive modification and ... the confirmation order should have a significant degree of finality." *In re Klus,* 173 B.R. 51, 59 (Bankr.D.Conn.1994); *see also In re Arnold,* 869 F.2d 240 (4th Cir.1989); *In re Duke,* 153 B.R. 913, 918 (Bankr.N.D.Ala. 1993); *In re Taylor,* 99 B.R. 902, 904 (Bankr.C.D.Ill.1989); *In re Bereolos,* 126 B.R. 313, 326 (Bankr.N.D.Ind.1990); *Matter of Baldwin,* 97 B.R. 965, 967 (Bankr. N.D.Ind.1989); *In re Butler,* 174 B.R. 44, 47 (Bankr.M.D.N.C.1994); *In re Gronski,* 86 B.R. 428, 432 (Bankr.E.D.Pa.1988).

Other courts hold that Section 1329 does *not* require an unanticipated or substantial change to modify a confirmed Chapter 13 plan. *See In re Brown,* 219 B.R. 191, 195 (6th Cir. BAP 1998). Such a prerequisite is not needed because:

**3.** In addition, Rule 9021 of the Federal Rules of Bankruptcy Procedure provides:

Except as otherwise provided herein, Rule 58 F.R.Civ.P. applies in cases under the Code. Every judgment entered in an adversary proceeding or contested matter shall be set forth on a separate document. A judgment is effective when entered as provided in Rule 5003. The reference in Rule 58 F.R.Civ.P. to Rule 79(a) F.R.Civ.P. shall be read as a reference to Rule 5003 of these rules.

**4.** Section 1325(b)(2)(A) defines disposable income as "income which is received by the

debtor and which is not reasonably necessary to be expended for the maintenance and support of the debtor or a dependant of a debtor."

**5.** Courts easily have found a substantial or unanticipated change where the debtor's income drastically increases. Such windfalls include winning the lottery after confirmation of the Chapter 13 plan. *See Cook,* 148 B.R. at 278; *In re Koonce,* 54 B.R. 643 (Bankr.D.S.C. 1985). Substantial and unanticipated circumstances also include the receipt of a large inheritance. *See In re Lybrook,* 107 B.R. 611 (Bankr.N.D.Ind.1989); *Euerle,* 70 B.R. at 73.

[w]hen Congress dealt with § 1329 of the Bankruptcy Code in 1984, it could have imposed preconditions to modification by a trustee, holder of an unsecured claim and/or a Chapter 13 debtor. It did not choose to do so, and this court will not step in where Congress declined to tread.

*In re Powers,* 140 B.R. 476, 479 (Bankr. N.D.Ill.1992). Instead, the movant who seeks to modify the plan "must only demonstrate compliance with the requirements of § 1329." *Id.* at 480; *see also Matter of Witkowski,* 16 F.3d 739, 744 (7th Cir.1994); *In re Powers,* 202 B.R. 618, 622 (9th Cir. BAP 1996); *In re Jourdan,* 108 B.R. 1020, 1022 (Bankr.N.D.Iowa 1989); *In re Evans,* 77 B.R. 457, 459 (E.D.Pa.1987); *In re Perkins,* 111 B.R. 671, 673 (Bankr.M.D.Tenn. 1990).

 After reviewing these decisions, this Court adopts the latter position holding that Section 1329 does not require any showing of substantial change to justify modification of a Chapter 13 Plan. Therefore, the Trustee is not required to prove a substantial and unanticipated change in the Debtors' circumstances to seek modification. Conversely, even if the more stringent test was required, in this case and upon these facts, a distribution of over $51,000 to these Debtors clearly constitute a substantial and unanticipated change meriting modification. Therefore, under either analysis, modification of the current Chapter 13 Plan is appropriate to increase the payments made under the Plan.

 *Whether Proceeds are Reasonably Necessary for Maintenance and Support.* Disposable income used to fund Chapter 13 payments is defined as income greater than that needed for maintenance and support of the debtor. *See* Section 1325(b)(2)(A). For example, if a debtor needs the additional funds received post-confirmation to finance basic living expenses, those assets are not included in the disposable income calculation. *In re McCray,* 172 B.R. 154, 158 (Bankr.S.D.Ga. 1994).

 The amount needed for additional maintenance and support of the debtor is traditionally resolved by looking at the debtor's schedules. *Watters v. McRoberts,* 167 B.R. 146, 147 (S.D.Ill.1994). However, if the amount necessary for the debtor's maintenance and support cannot be determined by reference to the debtor's schedules, due to changed circumstances such as increased medical expenses or otherwise, an evidentiary hearing is required to determine whether post-confirmation assets should be included in distributions to creditors. *In re Claude,* 206 B.R. 374, 380–81 (Bankr.W.D.Pa.1997) (a personal injury settlement received post confirmation is "exempt to the extent reasonably necessary for the support of the Debtors or their dependants, a factual determination which must be resolved by an evidentiary hearing").

 In this case, an evidentiary presentation is necessary to determine whether the Debtors need the Settlement Proceeds for reasonable maintenance and support based on any changed circumstances. Medical expenses in the amount of $14,-705.00 already were deducted from the Settlement Proceeds. The Court has no information as to whether future medical expenses are contemplated or whether the $51,846.67 is needed for other types of future expenses. Therefore, the Debtor will be given an opportunity at an evidentiary hearing to demonstrate whether any of the Settlement Proceeds are essential to the Debtors' reasonable maintenance and support.

*Conclusion.* The Motion is granted. The Settlement Proceeds of $51,846.67 are property of the Debtors' estate and are subject to distribution to the Debtors' creditors except to the extent that any portion of the funds are necessary for the Debtors' reasonable maintenance and support. An evidentiary hearing to determine the Debtors' current support needs is scheduled for **11:00 a.m. on September 8,**

1998. A separate order consistent with this order shall be entered.

DONE AND ORDERED.