**In re Laura Lynn TAYLOR, Debtor.**

**Bankruptcy No. 96–06022–A13.**

United States Bankruptcy Court,
S.D. California,
San Diego Division.

Dec. 16, 1997.

John D. Rittenhouse, San Diego, CA, for Debtor.

Scott Orona, Office of Chapter 13 Trustee, San Diego, CA.

**AMENDED ORDER ON TRUSTEE'S MOTION TO DISMISS**

PETER W. BOWIE, Bankruptcy Judge.

Simply stated, the motion to dismiss brought by the Chapter 13 trustee raises the issue of what payment amount a debtor is required to make when the debtor has moved to modify a previously confirmed plan. Spe-

cifically, is the debtor required to continue paying at the rate in the confirmed plan until a modified plan is confirmed, or is the debtor required to pay at the proposed modified rate? In this case, if the answer is the latter, the debtor is current with the trustee, or close to it. If the answer is the former, the debtor is in substantial arrears.

The Court has subject matter jurisdiction of the proceeding pursuant to 28 U.S.C. § 1334 and General Order No. 312–D of the United States District Court for the Southern District of California. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

### Procedural History

Debtor filed her Chapter 13 petition on May 2, 1996 and filed her original plan at the same time. That plan proposed to pay the Chapter 13 trustee $430 per month, with a 100% dividend to unsecured creditors. Prior to confirmation the debtor twice modified the proposed plan. The plan which was confirmed by order entered November 25, 1996 required the debtor to pay $233 per month, with the payment to increase to $490 per month in April, 1997. The confirmation order required the debtor to be current on payments to the Chapter 13 trustee by November 30, 1996, as a condition of confirmation. Presumably, that was accomplished, because the Chapter 13 trustee forwarded the confirmation order for approval by the court.

On March 25, 1996 the debtor moved to modify her previously confirmed plan. The modification sought to reduce the plan payment to $170 per month, with no dividend to unsecured creditors. Thereafter, debtor commenced making payments of $170 per month, not the $490 per month required by the confirmed plan scheduled to step up in April. At a hearing on May 20, another judge directed the debtor to make payments at the reduced amount, and continued the hearing to allow the trustee to review the plan. Subsequently, the trustee objected to the modified plan as proposed. After argument and interlineations by the debtor, on August 12, 1997 the modified plan was confirmed, requiring the debtor to make payments of $215 per month.

In the interim, however, the Chapter 13 trustee filed a motion to dismiss the case for insufficient payments by the debtor. The trustee asserts that the debtor's obligation to pay the stepped-up rate of $490 commenced in April, 1997 as provided in the plan confirmed in November, 1996, notwithstanding that the debtor filed a motion to modify with a proposed modified plan in March, 1997, before the stepped-up payment was to commence. The trustee argues that debtor was bound by the terms of the confirmed plan until relieved by a superseding confirmed plan. The accumulated difference between $490 and $170 per month for the months of April, May, June, and July is significant, and is the shortfall which is the predicate for the trustee's motion to dismiss.

### Discussion

■ Section 1329(b)(2) of Title 11, United States Code provides:

(2) The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved.

Unfortunately, the language of the statute may be argued either way—that is, a modified plan is the controlling plan upon being proposed, subject to the possible condition subsequent of disapproval, or the modified plan does not become the controlling plan until after notice and an opportunity to object has passed [11 U.S.C. § 102(2) ]. Here, the Chapter 13 trustee objected to the proposed modified plan, so under the latter interpretation the modified plan would not become the controlling plan until confirmed, after hearing on the objection.

It is useful to consider the setting of § 1329(b)(2) when it was adopted to ascertain the intent of the drafters. Section 1329(a) originally provided that only the debtor could seek to modify a confirmed plan. The notion was, generally, that during the life of a plan circumstances for a debtor could change, and the debtor should have the opportunity to modify the plan accordingly. It is reasonable to suppose that the circumstances that would support a modification exist when the motion to modify is filed. If a debtor's income has diminished, or expenses have increased, or a combination of the two, those circumstances usually are not foreseeable and usually will

have already manifested themselves, thereby precipitating the motion to modify. If, in the usual case, those circumstances existed when the motion to modify was filed, requiring the debtor to continue to perform at a no longer feasible level of payment would be a recipe for failure of the Chapter 13, which seems contrary to congressional intent.

To this Court, it makes more sense to read § 1329(b)(2) to mean that the proposed modified plan becomes the controlling plan for debtor's performance upon filing and giving notice to creditors, and that it remains the controlling document unless later disapproved "after notice and a hearing...." Construing (b)(2) in that manner would seem to provide incentive to debtors whose circumstances no longer permit payment at the confirmed rate to promptly seek relief from that rate by proposing a modified plan. So long as they timely file a modified plan and make payments in accordance with it, they should avoid accruing arrearages in the interim. If the modified plan is disapproved, the debtors then have the option of performing under the earlier confirmed plan or face dismissal. But because they presumably performed in accordance with the modified plan they would not accrue arrearages for the difference between the confirmed rate and the payments made at the modified rate.

The alternative of construing (b)(2) to require continuing payments at the confirmed rate until a modified plan is actually confirmed requires the debtor to do what the motion to modify argues the debtor is unable to do. Between filing the motion to modify and any hearing or entry of an order after time to request a hearing had passed, the payment obligation would accrue at the confirmed rate, but the debtor could not pay it, thus sowing the seeds for failure and dismissal.

The construction of § 1329(b)(2) to provide that the modified plan is the controlling plan as soon as it is filed, subject only to later disapproval, is supported by 11 U.S.C. § 1323(b). That provision deals with modification of a plan before confirmation, and states:

(b) After the debtor files a modification under this section, the plan as modified becomes the plan.

The language of § 1329(b)(2) is very similar. It provides:

(b) ...

(2) The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved.

At least one court has suggested that § 1329(b)(2) and § 1323(b) are functional equivalents. *In re Moss*, 91 B.R. 563, 566 (Bankr.C.D.Cal.1988).

For the reasons set out above, the Court concludes that the Congress intended that debtor pay at the modified rate upon filing and giving notice of the modified plan. That conclusion produces an unexpected circumstance in some cases, however. The Congress wrote § 1329(b)(2) and § 1323 at a time when only the debtor could propose a modified plan, whether pre-confirmation or post-confirmation. In 1984, the Congress amended § 1329(a) to authorize the trustee or an unsecured creditor to propose a modified plan, but no change was made to § 1329(b)(2). Where the trustee or an unsecured creditor moves to modify a plan to increase the amount of plan payments, the foregoing construction of § 1329(b)(2) suggests the debtor would have an obligation to commence payments at the increased rate. But that issue is not before the Court, and will be left to cases which actually present it.

### Conclusion

This Court has concluded that debtor was obligated to commence making payments at the modified rate after filing and giving notice of the modified plan without regard to whether it is confirmed. If it is subsequently disapproved, then the previously confirmed plan resumes as the controlling plan, but the debtor is not in default if the debtor performed at the modified rate in the interim. This debtor has done so. Accordingly, the Chapter 13 trustee's motion to dismiss shall be, and hereby is denied.

IT IS SO ORDERED.