**In re Rodolfo BERGOLLA and Maria Bergolla, Debtors.**

**Bankruptcy No. 97–17808–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida, Miami Division.

April 20, 1999.

Laila S. Gonzalez, Freire & Gonzalez, P.A., Hialeah, FL, for Debtors.

Nancy N. Herkert, Hialeah, FL, Standing Chapter 13 Trustee.

## ORDER DENYING MOTION TO MODIFY AND DIRECTING CLERK TO ISSUE DISCHARGE

A. JAY CRISTOL, Chief Judge.

**THIS CAUSE** came before the Court for hearing on December 22, 1998 upon the Debtors' *Motion for Order to Compel Trustee to Issue Final Report* filed November 25, 1998. At the hearing, the Trustee raised the issue of modification of the plan. The Court took the matter under advisement, and on January 11, 1998, the *Trustee's Motion to Modify Plan* was filed. Although the Trustee's motion was filed after the December 22 hearing, the matters raised in the motion were addressed by the parties at the December 22 hearing and will, therefore, be considered by the Court herein.

### BACKGROUND

In September 1997, the Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. The Debtors proposed a Chapter 13 plan which provided for sixty (60) monthly payments to be made to the Chapter 13 Trustee at $476.67 per month. The Debtors' daughter submitted herself to the jurisdiction of the Court by voluntarily agreeing to contribute $350.00 per month towards the $476.67 monthly payment for the full 60–month plan period. All sums paid under the terms of the plan were for distribution only to unsecured creditors, paying them 17% of their claims. No secured claims were included in the plan.

By order dated February 10, 1998, the Debtors' plan was confirmed by the Court.

On or about February 6, 1998, when the fifth payment came due, the Debtors remitted to the Trustee a lump sum payment of $26,693.52 representing the total number of months remaining under the plan (56 months) multiplied by the monthly payment of $476.67. The lump sum payment was made from the proceeds of the sale of the Debtors' exempt homestead property.[1]

On November 25, 1998, having paid all amounts due under the plan, the Debtors sought to compel the Trustee to issue her final report so the Debtors could obtain their discharge. At the hearing on the Debtors' motion, and in the subsequently filed motion to modify plan, the Chapter 13 Trustee suggested the Court order the lump sum be applied to only one year of plan payments. The Trustee argued the Court should require the Debtors to make an additional 43 monthly payments under the plan.

### DISCUSSION

The issue presented by the facts of this case is whether the Debtors should receive a discharge when, after making five payments towards a sixty month plan, they sold exempt homestead property and applied the proceeds to satisfy all payments required to be made in the Chapter 13 Plan. This Court believes they should. The Debtors should receive a discharge when, in good faith, the balance of a confirmed Chapter 13 Plan is paid early using proceeds from the sale of exempt property, in this case homestead property.

The Trustee asserts the Debtors must meet the "best efforts test" found in § 1325(b) requiring the Debtors to either pay all of the creditors' claims in full within 36 months or to make all disposable income available to pay creditors for a 36–month period. The Trustee relies on *In re Powers,* 140 B.R. 476, 478 (Bankr.N.D.Ill. 1992) to support her position. In *Powers,*

---

1. The Court authorized the sale of the exempt homestead property by order dated January 13, 1998.

the debtor owned a one-third interest in non-exempt real property, and fifteen months after the plan was confirmed, the debtor sold the non-exempt property and attempted to utilize the proceeds to pay off the confirmed Chapter 13 Plan. 140 B.R. at 476. The trustee filed a motion to modify the plan citing the 11 U.S.C. § 1325(b) requirement that the debtor make all disposable income available for 36 months or pay the creditors in full. *Powers*, 140 B.R. at 478. The court viewed the proceeds from the non-exempt real property as disposable income under the Code, and determined that, unless such income was applied to plan payments, the plan would not comply with all the requirements for confirmation under the Bankruptcy Code. *Powers*, 140 B.R. at 479. The court employed a "best interest" test, to assure creditors would receive payments under the Chapter 13 plan at least equal in present value terms to what they could have expected to receive had the debtor opted for Chapter 7 instead of Chapter 13. *In re Powers*, 140 B.R. at 479. Because the property sold in *Powers* was not exempt in a Chapter 7 case, the debtor's one-third interest in the property would have become property of the estate and could have been liquidated by the trustee to pay claims of unsecured creditors. If the court allowed the debtor in *Powers* to pay only 54% to unsecured creditors in a 15 month period, the debtor would have received a windfall, and the issuance of an early discharge would have cheated the creditors. 11 U.S.C. § 1325.

The facts in *Powers* are distinguishable from the facts in this case. The Debtors in this case obtained confirmation of their Chapter 13 Plan only upon the gracious contribution of a nondebtor third party and, to avoid burdening a nondebtor third party, the Debtors chose to pay their debts by selling their family home, an exempt asset. If the Debtors' bankruptcy case were converted to a Chapter 7 case, their homestead (or the proceeds from a sale thereof) would not be available for distribution to their unsecured creditors. Applying the "best interest" test in this case, the unsecured creditors are placed in a better position as they receive more than they would have had the case been converted to Chapter 7. Moreover, the creditors not only receive more than they would have in a Chapter 7, but also receive the full amount to be paid to them under the confirmed plan in one lump sum payment rather than in individual payments spread out over the course of four and a half years. The present value of such payments is obviously an additional benefit to be reaped by the creditors.

Although 11 U.S.C. § 1329[2] permits the post-confirmation modification of a Chapter 13 Plan, the Court finds that modification of the Debtors plan in this case is unwarranted. *See In re Phelps*, 149 B.R. 534 (Bankr.N.D.Ill.1993); *In re Chancellor*, 78 B.R. 529 (Bankr.N.D.Ill.1987).

## CONCLUSION

The Debtors should be granted a discharge. The purpose of the Bankruptcy Code is to provide the Debtors the benefit of a "fresh start" if they accept the bur-

---

**2.** Section 1329 of the Bankruptcy Code provides:

(a) At any time after confirmation of the plan but before completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—

    (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

    (2) extend or reduce the time for such payments; or

    (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.

(b)(1) Sections 1322(a), 1322(b), and 1323(c) of this of this title and the requirements of section 1325(a) of his title apply to any modification under subsection (a) of this section.

    (2) The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved....

dens imposed by the Code. To sell one's homestead, an exempt asset otherwise unreachable by creditors, and apply the proceeds thereof toward paying unsecured creditors is something that should be encouraged and rewarded. It is hereupon

**ORDERED AND ADJUDGED** as follows:

1. The *Motion to Compel Trustee to File a Final Report* is GRANTED in part, and the Clerk of the Court is directed to issue the Debtors a discharge herein. The Trustee may issue her final report in the due course of these proceedings.

2. The *Trustee's Motion to Modify Plan* is DENIED.