**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No.   AZ-16-1263-SKuF |
| ) | |
| FIVE LOTS, LLC, ) | Bk. No.   2:16-bk-06224-MCW |
| ) | |
| Debtor. ) | |
| _____ ) | |
| FIVE LOTS, LLC, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| UNITED STATES TRUSTEE, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Argued and Submitted on October 26, 2017
at Phoenix, Arizona

Filed – November 14, 2017

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable Madeleine Carmel Wanslee, Bankruptcy Judge, Presiding

Appearances:   David Allegrucci argued for appellant; John
Postulka argued for appellee.

Before: SPRAKER, KURTZ, and FARIS, Bankruptcy Judges.

---

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

## INTRODUCTION

Chapter 7[1] debtor Five Lots, LLC appeals from the bankruptcy court's ruling that a postpetition retainer paid from a third party to pay Five Lots' attorney's fees was property of Five Lots' bankruptcy estate. This ruling was set forth in the court's order authorizing Five Lots to employ bankruptcy counsel. Five Lots has not challenged any other aspect of the employment order apart from the determination that the retainer is property of its bankruptcy estate. On appeal, Five Lots has not established that the property of the estate ruling had a direct and adverse pecuniary affect. Consequently, this appeal will be DISMISSED for lack of standing.

## FACTS

On June 1, 2016, Five Lots commenced its bankruptcy case by filing a voluntary chapter 11 petition. At the time of its bankruptcy filing, its only assets were four parcels of real property located in Arizona. As of the petition date, Five Lots' only creditors were a secured creditor, owed roughly $700,000, and the Maricopa County Treasurer, owed roughly $5,600 for real property taxes.

At the first chapter 11 status conference held on July 5, 2016, Five Lots appeared through Judith V. Brown, its sole member and manager. The bankruptcy court directed Five Lots to retain counsel and indicated that the bankruptcy case would be dismissed unless it did so. Several days later, Five Lots filed an

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

2

application for an order approving the retention of David Allegrucci as its counsel. In the application, Five Lots disclosed that, on July 8, 2016, Brown had paid Allegrucci $10,000 as a retainer to cover some of Five Lots' attorney's fees.

The United States Trustee objected to the employment application. Among other things, the United States Trustee argued that the $10,000 retainer was estate property that needed to be turned over to the estate. The United States Trustee also asserted that, as debtor's counsel, Allegrucci should be required to comply with all employment and fee oversight provisions set forth in §§ 327, 329 and 331.

In response to the concerns raised by the United States Trustee, Five Lots filed a supplemental memorandum of points and authorities urging the bankruptcy court to approve Allegrucci's employment. It also disputed that the retainer was estate property. In fact, it stated that Allegrucci was in the process of returning the $10,000 to Brown. Five Lots further requested that Allegrucci be permitted to bill and collect compensation directly from Brown for his legal services without having to file any fee applications.

At the hearing on the employment application, the bankruptcy court approved Allegrucci's employment. However, the court also sustained many of the United States Trustee's objections. The court explained to Five Lots that it would require Allegrucci to comply with all of the fee oversight provisions set forth in the Code regardless of whether he was paid from estate property or from Brown's separate funds. In addition, the bankruptcy court

3

concluded that the $10,000 retainer was property of the estate that needed to be returned by Brown to the estate or to Allegrucci to hold in trust for the estate.

On August 12, 2016, the bankruptcy court entered an order approving Five Lots' application to employ Allegrucci as its bankruptcy counsel. In the order, the court ruled not only that the postpetition $10,000 retainer was estate property, but also that "any payment by third parties, to pay for legal representation of the Debtor-in-Possession, is property of this bankruptcy estate." Order (Aug. 12, 2016) at p. 2. The order required Brown to return the $10,000 retainer to the estate. The order further specified that any compensation to be paid to Allegrucci was subject to the fee oversight provisions set forth in §§ 329, 330 and 331. Five Lots timely filed a notice of appeal.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A), and we have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Does Five Lots have standing to appeal the bankruptcy court's ruling that the retainer (and any other third-party funds paid to cover Five Lots' attorney's fees) are property of its bankruptcy estate?

## STANDARD OF REVIEW

We review de novo questions regarding the appellant's standing to appeal. Giesbrecht v. Fitzgerald (In re Giesbrecht), 429 B.R. 682, 687 (9th Cir. BAP 2010).

4

**DISCUSSION**

We must satisfy ourselves that we have jurisdiction over this appeal and that we should exercise jurisdiction. See West v. United States, 853 F.3d 520, 522 (9th Cir. 2017); Mastro v. Rigby, 764 F.3d 1090, 1093 (9th Cir. 2014). Here, jurisdictional concerns stem from the fact that Five Lots has consistently emphasized that it appeals only the bankruptcy court's ruling that the $10,000 (and any other funds paid by third parties to cover Five Lots' legal expenses) are property of Five Lots' bankruptcy estate. The limited scope that Five Lots has imposed on its own appeal raises questions regarding its standing to appeal and whether this appeal has been rendered moot. In an order issued on October 2, 2017, we directed the parties to address the standing and mootness issues, and each party duly responded to our order.

**A. Standing Issue**

There are two broad aspects of the standing doctrine. The first, constitutional standing, is derived from the case and controversy requirement of Article III of the Constitution and requires a plaintiff to demonstrate "injury in fact, causation and redressability." Republic of Marshall Islands v. United States, 865 F.3d 1187, 1199 (9th Cir. 2017) (citing Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S. Ct. 1377, 1386 (2014)). The second broad standing aspect, prudential standing, is a set of "'judicially self-imposed limits on the exercise of federal jurisdiction.'" Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal), 450 B.R. 897, 906 (9th Cir. BAP 2011) (quoting Sprint Commc'ns Co. v. APCC Servs., Inc., 554 U.S.

5

269, 289 (2008)). Five Lots bears the burden of establishing its standing. Max Recovery, Inc. v. Than (In re Than), 215 B.R. 430, 434 (9th Cir. BAP 1997).

There is little doubt that in the bankruptcy court, Five Lots met the relatively minimal requirements of constitutional standing. As the debtor, it had a vested interest in whether or not the bankruptcy court would approve the employment of Allegrucci as its bankruptcy counsel and whether or not the $10,000 retainer was property of the estate.

On appeal, however, Five Lots only challenges the bankruptcy court's property of the estate ruling. The limited scope of Five Lots' appeal implicates the facet of prudential standing known as the "person aggrieved" standard: an appellant seeking review of a bankruptcy court's judgment or order must be a "person aggrieved" by the order appealed. Lehman Commercial Paper, Inc. v. Palmdale Hills Prop., LLC (In re Palmdale Hills Prop., LLC), 423 B.R. 655, 662 (9th Cir. BAP 2009), aff'd, 654 F.3d 868 (9th Cir. 2011). Under this standard, only "those persons who are directly and adversely affected pecuniarily by an order of the bankruptcy court" have standing to appeal. Id. (quoting Fondiller v. Robertson (In re Fondiller), 707 F.2d 441, 442 (9th Cir. 1983)). At bottom, the person aggrieved standard presents a question of fact. Int'l Ass'n of Firefighters, Local 1186 v. City of Vallejo (In re City of Vallejo), 408 B.R. 280, 299 (9th Cir. BAP 2009) (citing Paine v. Dickey (In re Paine), 250 B.R. 99, 104 (9th Cir. BAP 2000)). Thus, Five Lots needs to show that the order on appeal diminished its property, increased its burdens or otherwise detrimentally affected its rights. See

6

In re Fondiller, 707 F.2d at 442-43.

Five Lots has not persuaded us that its pecuniary interests have been directly and adversely affected by the bankruptcy court's ruling that the retainer is property of its estate. To the contrary, the court's ruling **increased** Five Lots' property by classifying third-party payments made to Allegrucci as estate property. There is no readily apparent detriment to its rights or increase in its burdens resulting from this ruling. Five Lots has not presented anything on appeal that would permit us to find that it is a person aggrieved and, hence, has standing to appeal.

**B.    Mootness Issue**

Because we have concluded that Five Lots lacks standing to appeal, we decline to address the mootness issue.

### CONCLUSION

For the reasons set forth above, we DISMISS this appeal for lack of standing.