NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. AZ-18-1323-SFB |
| DAVID ANDREW CROW and RENEE TOINETTE CROW, | 2:18-bk-04677-EPB |
| Debtors. | |
| DAVID ANDREW CROW; RENEE TOINETTE CROW, | |
| Appellants, | **MEMORANDUM**[*] |
| v. | |
| EDWARD JOHN MANEY, Chapter 13 Trustee, | |
| Appellee. | |

Argued and Submitted on January 30, 2020
at Phoenix, Arizona

Filed – February 10, 2020

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value. *See* 9th Cir. BAP Rule 8024-1.

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable Eddward P. Ballinger, Bankruptcy Judge, Presiding

---

Appearances:     David Allegrucci argued for appellants; Ross Mumme
                 argued for appellee.

---

Before: SPRAKER, FARIS, and BRAND, Bankruptcy Judges.

## INTRODUCTION

Chapter 13[1] debtors David Andrew Crow and Renee Toinette Crow appeal from a stipulated order confirming their chapter 13 plan. The Crows challenge the court's decision to strike a footnote they added to their proposed confirmation order. Footnote 2 to the order attempted to accomplish two things. The Crows sought to: (1) preserve their argument that any subsequent attempt by chapter 13 trustee Edward John Maney to increase their plan payments by way of a plan modification constituted involuntary servitude in violation of the Constitution's Thirteenth Amendment; and (2) challenge the requirement that they "assist the

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure. All "Local Rule" references are to the Local Bankruptcy Rules for the District of Arizona.

trustee" by submitting to him their post-petition tax returns.

The Thirteenth Amendment argument is not ripe for review. As for the requirement to turn over their tax returns, the Crows failed to perfect this issue for appeal. And even if they had properly raised this issue, their argument has no merit.

Accordingly, we AFFIRM.

## FACTS

The Crows filed their voluntary chapter 13 petition and proposed a plan on the form required by the Local Rules. The form chapter 13 plan adopted in Arizona requires debtors to provide the trustee copies of their post-petition income tax returns for the duration of the chapter 13 case. In response to this provision, the Crows added the following language to their plan: "Disputed per *In re Romeo* AZ-17-1215-BLKu and pursuant to final appeallable [sic] order from case 2-16-bk-12633."

Maney filed a response to the plan recommending confirmation but subject to certain generic and specific conditions. One of the generic conditions to confirmation stated: "The Debtors are required to provide directly to the Trustee, within 30 days after their filing, copies of their federal and state income tax returns for every year during the duration of the Chapter 13 Plan. This requirement is to be included in any Order Confirming."

Maney and the Crows submitted to the court a stipulated order

3

confirming the Crows' chapter 13 plan. The proposed order reiterated the requirement that the Crows submit their post-petition tax returns to Maney: "The Debtor(s) shall provide to the Trustee copies of their federal and state income tax returns for post-petition years 2018 - 2022 within 30 days of filing them. The purpose is to assist the Trustee in determining any change in Debtor(s)' annual disposable income." However, the Crows added two footnotes onto the confirmation order. The first indicated that this provision was subject to an appeal in an unrelated case. *See Reichard v. Brown (In re Reichard)*, BAP No. AZ-18-1194 (Appeal dismissed Oct. 24, 2018).

The second footnote contained a reservation of rights, and an objection, as follows:

> Petitioner(s) expressly reserve the right to assert their Thirteenth Amendment privilege from the U.S. Constitution against involuntary servitude, should the Chapter 13 Trustee attempt to modify their plan unilaterally and increase their monthly plan payments. The Petitioners assert that they have not waived their Constitutional Right against involuntary servitude by voluntarily filing their bankruptcy petition. *In re Clemente*, 409 B.R. 288, 293 (Bankr. D. NJ 2009). Petitioners further assert, a Chapter 13 Trustee demanding debtors assist him in determining changes to their annual disposable income, is barred by *In re Anderson*, 21 F.3d 355, 358 (9th Cir. 1994).

The bankruptcy court entered the stipulated order on November 16, 2018. However, the court struck the Crows' second footnote containing the

reservation and the objection.

The Crows timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(L). Subject to the ripeness discussion set forth below, we have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court commit reversible error when it struck footnote 2 from the parties' stipulated proposed confirmation order?

## STANDARD OF REVIEW

Most of footnote 2 was devoted to the Crows' Thirteenth Amendment argument. Since that argument in effect challenges a potential future plan modification motion that Maney has not actually made, the Crows' Thirteenth Amendment argument might not yet be ripe for appeal. Ripeness is a jurisdictional issue subject to de novo review. *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2006).

In the remainder of footnote 2, the Crows asserted that the requirement to submit their post-petition tax returns was inconsistent with *Anderson*, 21 F.3d at 358. The Crows' argument based on *Anderson* raises questions regarding the construction of various statutes and Rules, which we review de novo. *de la Salle v. U.S. Bank, N.A. (In re de la Salle)*, 461 B.R. 593, 601 (9th Cir. BAP 2011).

5

## DISCUSSION

The Crows' appeal focuses on footnote 2 of the proposed confirmation order, which the bankruptcy court struck. The Crows assert that there was no justification for the bankruptcy court to strike the footnote. The Crows alternately argue that the bankruptcy court violated their due process rights by striking the footnote without advance notice and a prior opportunity to be heard. However, there are jurisdictional and procedural impediments to our appellate review.

## A.   The Crows' Challenge To Plan Modification Is Not Ripe For Appeal.

Most of the stricken footnote pertains to the Crows' attempt to "reserve" their argument that modification of the debtors' chapter 13 plan to increase plan payments would constitute involuntary servitude in violation of the Thirteenth Amendment of the Constitution. But no plan modification has been sought. The Crows' Thirteenth Amendment argument does not present a justiciable case or controversy within the scope of Article III of the Constitution because the dispute is not ripe for adjudication. Unless the matter is ripe, we lack jurisdiction to consider it. *Principal Life Ins. Co.*, 394 F.3d at 669; *Southern Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990).

In *Romeo v. Maney (In re Romeo)*, BAP No. AZ-17-1215-BLKu, 2018 WL 1463850, at *5 (9th Cir. BAP Mar. 23, 2018), we held that a similar

6

Thirteenth Amendment argument was not ripe for appeal. In *Romeo*, we pointed out that the chapter 13 trustee had not sought to modify the debtor's chapter 13 plan and might never do so, even though the trustee sought future tax returns to determine whether the confirmed plan should be modified. *Id.* We explained that, under these circumstances, any decision by this panel on the Thirteenth Amendment argument would be advisory because the question was still hypothetical. *Id*. We further explained:

> In measuring whether the litigant has asserted an injury that is real and concrete rather than speculative and hypothetical, the ripeness inquiry merges almost completely with standing. As a prudential matter, we will not consider a claim to be ripe for judicial resolution if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all . . . . The prudential considerations of ripeness are amplified where constitutional issues are concerned.

*Id.* (quoting *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 662 (9th Cir. 2002)).

Exactly as in *Romeo*, the Crows' Thirteenth Amendment argument remains hypothetical at confirmation. Maney might never seek to modify the Crows' chapter 13 plan. Until the chapter 13 trustee does so, the constitutional question is not ripe. We, therefore, lack jurisdiction.

**B.      The Crows Were Not Harmed When The Court Struck Their Reservation Of Their Thirteenth Amendment Argument.**

The Crows admit that their Thirteenth Amendment argument is not

ripe. Nonetheless, they claim that the striking of the footnote should be reversed because they were entitled to preserve the argument. According to the Crows, absent such preservation, the binding effect of their confirmed chapter 13 plan and the accompanying confirmation order might preclude them from later raising their Thirteenth Amendment argument. They further claim that the court's striking of footnote 2 without first conducting a hearing violated their due process rights.

The Crows' concern over the potential preclusive effect of the confirmed plan is unfounded. Though the plan terms are binding on the Crows and their creditors as specified in § 1327(a), neither the plan nor the confirmation order addressed the conditions under which a plan modification could occur. To the contrary, § 1327(a) and the principles of res judicata do not limit the parties' rights to seek plan modification. *Max Recovery, Inc. v. Than (In re Than)*, 215 B.R. 430, 435 (9th Cir. BAP 1997). Instead, the propriety of a proposed plan modification is governed by § 1329. *Id.* In short, the deletion of the Crows' reservation of rights did not harm them.

Because the Crows did not need to preserve their Thirteenth Amendment argument, their due process claim fails. The Ninth Circuit routinely rejects due process claims when the record establishes that the alleged absence of due process did not harm the appellant. *See, e.g.*, *Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 776–77 (9th Cir. 2008); *City Equities*

*Anaheim, Ltd. v. Lincoln Plaza Dev. Co. (In re City Equities Anaheim, Ltd.)*, 22 F.3d 954, 959 (9th Cir. 1994).

**C.      The Crows Failed to Perfect For Appeal Their Challenge To Their Plan.**

The Crows' advance only one other argument. They contend that the deleted footnote challenged the mandatory provision of Maney's confirmation order "requiring [the Crows] to assist [Maney] in determining changes to their annual disposable income." Aplt. Opn. Br. at p. 9.[2] According to the Crows, this requirement is at odds with the Ninth Circuit's holding in *Anderson v. Satterlee (In re Anderson)*, 21 F.3d 355, 358 (9th Cir. 1994).

The only time the Crows raised *Anderson* in the bankruptcy court was as part of their footnote 2 of the proposed stipulated confirmation order. However, the proposed order, with which the Crows agreed, specifically required the actions the Crows contended were contrary to *Anderson* - provision of future tax returns to the trustee during the pendency of their plan. The Crows never properly opposed the form plan, the confirmation order, or the requirements concerning their post-petition tax returns.

Arizona's form plan requires chapter 13 debtors to provide their post-

---

[2] Pursuant to Local Rule 2084-13(b), the Crows were required to use Maney's chapter 13 confirmation order, which included the provision requiring the Crows to submit to Maney their post-petition state and federal income tax returns filed with the taxing authorities during the pendency of the case.

petition tax returns to the chapter 13 trustee while the case is pending. The Crows were required to utilize the local form plan pursuant to Local Rule 2084-4(a).[3] They used the local form, but in the section for debtors to list unfiled tax returns the Crows wrote "Disputed per In re Romeo AZ-17-1215 BLKu and pursuant to final appealable order from 2-16-bk-12633."

If the Crows wanted to deviate from the language of the form plan, they could have proposed a non-conforming or nonstandard plan provision to state that they would not be providing the trustee with post-petition tax returns. *See In re Reichard*, Case No. 2:16-BK-12633-BMW, 2018 WL 3323870, at *1 (Bankr. D. Ariz. July 5, 2018). In turn, Maney then could have opposed the varying provision by filing an adverse plan recommendation, an objection to confirmation, or both. *See id.*; *see also* Local Rule 2084-10(a), (b).[4] The Crows did disclose a nonstandard provision in

---

[3] Local Rule 2084-4(a) provides: "Local Form 2084-4 (Chapter 13 Plan) must be used for all original, amended, or modified plans. All sections of the plan must be completed, or if not applicable marked with N/A or NONE. The treatment of all known secured or priority creditors must be disclosed in the plan. Varying provisions must be specific and not inconsistent with the Code, FRBP or Local Rules."

[4] Local Rule 2084-10(a) and (b) provide:

(a) **Trustee Recommendation/Objection.** The trustee will file a recommendation / objection within twenty-eight (28) days after the last date set for creditor objections to a plan.

(b) **Debtor Compliance or Dismissal**. Within thirty (30) days after the trustee files the recommendation/objection, **the debtor must either**

(continued...)

their plan, though it had nothing to do with the obligation to provide future tax returns. Their statement of "dispute" as to providing the trustee with their post-petition tax returns, however, did not comply with the requirements for nonstandard chapter 13 plan provisions set forth in Rules 3015(c) and 3015.1(e). These rules suggest that noncompliant nonstandard plan provisions should be treated as void and ineffective. *Cf. In re Parkman*, 589 B.R. 567, 578–79 (Bankr. S.D. Miss. 2018) (examining scope of permissible nonstandard provisions for chapter 13 plans).

The Crows had a second opportunity to place at issue the postpetiton tax return requirement. When Maney included within his plan recommendation a generic provision reiterating the plan's post-petition tax return requirement, the Crows could have filed an objection and sought a hearing date from the court pursuant to Local Rule 2084-10(b). But they did not do so. Instead, they submitted to the court a proposed stipulated confirmation order that specifically required production of the post-

---

[4](...continued)

**comply with the trustee's requests or file an objection and obtain a hearing date**. The Court may summarily overrule any objection that fails to identify an issue or other impediment to plan confirmation. A request for additional time to respond does not constitute an objection. If the debtor does not timely comply, the trustee may file and serve a notice of intent to lodge a form of order dismissing the case, with a copy of the order attached. Ten (10) calendar days after serving the notice, the trustee may lodge an order dismissing the case without further notice or hearing.

(Emphasis added.)

petition tax returns, but also contained the footnote the bankruptcy court eventually struck purporting to "preserve" their Thirteenth Amendment issue and to "assert" that the confirmation order was at odds with *Anderson, supra.*

At bottom, the Crows could not challenge the tax return requirement for the first time based on a footnote in a stipulated order confirming a plan they proposed that required such actions. They have not identified any practice, procedure, Rule, or Local Rule, that permitted them to preserve a dispute while also obtaining confirmation pursuant to an order that specifically required them to provide their future tax returns to the trustee. Nor have they persuaded us that the bankruptcy court was obliged to consider the footnote as an objection to confirmation given this procedural posture.

**D.    The Confirmed Plan Is Not Contrary to *Anderson.***

Even if we were to consider whether the bankruptcy court erred by striking the footnote concerning the application of *Anderson*, we find the Crows' argument to be without merit.  In *Anderson*, the chapter 13 trustee objected to the debtors' proposed plan because the debtors refused to sign a "Best Efforts Certification" as required by the trustee. If signed, the Certification would have bound the debtors to pay to the trustee all of their *actual* disposable income, as opposed to their *projected* disposable income as required by § 1325(b)(1)(B). 21 F.3d at 356-57. Morever, the trustee would

then be able to automatically adjust their plan payments without further order of the court. *Id*. At the confirmation hearing, the trustee argued that the court could not confirm the debtors' plan unless the debtors signed the Certification and pledged all of their actual disposable income for distribution to their creditors. *Id.* at 357. The bankruptcy court agreed with the trustee and denied confirmation. *Id.* On appeal to the district court, the debtors asserted that they were only required to commit their projected – and not their actual – disposable income to their plan. *Id.* But the district court agreed with the trustee and affirmed the bankruptcy court's order. *Id.*

The Ninth Circuit reversed. *Id.* at 359. The Ninth Circuit held that the effect of the Certification was inconsistent with the plain language of § 1325(b)(1)(B), which only required that the debtors commit their projected disposable income to their plan at confirmation. *Id.* at 357. Moreover, the Ninth Circuit reasoned that the Certification amounted to an impermissible grant of unilateral authority to the trustee to adjust the debtors' plan payments in contravention of the Code's plan modification provisions set forth in § 1329. *Id.* at 358.

The Crows misapprehend the import of *Anderson*. There, the challenged Certification was used "as a means of vesting the Trustee with the authority to unilaterally adjust the Andersons' payments without a court order." *Id.* This contravened the statutory requirements for modification. *Anderson* did not absolve chapter 13 debtors from providing

13

additional financial information to trustees during their plan terms. Indeed, § 521(a)(3) generally requires that every debtor "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title." Moreover, upon request debtors are required to file with the court copies of each federal tax return for each tax year ending while the case is pending. § 521(f)(1). And chapter 13 debtors, also upon request, are required after confirmation to file annually "a statement under penalty of perjury, of the income and expenditures of the debtor during the tax year of the debtor most recently concluded before such statement is filed under this paragraph, and of the monthly income of the debtor, that shows how income, expenditures, and monthly income are calculated." § 521(f)(4)(B).

These requirements are designed to facilitate a chapter 13 trustee's ability to monitor a debtor's postconfirmation financial condition for purposes of (among other things) evaluating the need for potential plan modifications under §1329(a) – for either increases or decreases in plan payments. With respect to the reporting requirements imposed under §§ 521(f) - (g), we have previously noted that:

> The obvious purpose of this self-reporting obligation is to provide information needed by a trustee or holder of an allowed unsecured claim in order to decide whether to propose hostile § 1329 plan modifications.

> This power of the trustee and of creditors holding allowed unsecured claims to request that a confirmed plan be modified

14

> by increasing payments in order to capture material increases in net income that occur during the life of the plan is an important feature of chapter 13. *See* 11 U.S.C. § 1329(a)(1). The addition in 2005 of post-petition reporting requirements at §§ 521(f) and (g) operates to bolster the efficacy of § 1329 modifications.

*Fridley v. Forsythe (In re Fridley)*, 380 B.R. 538, 544 (9th Cir. BAP 2007); *see also Romeo*, 2018 WL 1463850, at *4 (collecting cases).

Absolutely nothing in *Anderson* concerns chapter 13 debtors' obligation to provide tax returns to the chapter 13 trustee during the pendency of their confirmed plan. Accordingly, even assuming that the Crows' arguments based on *Anderson* were properly raised, they lacked merit, and the striking of footnote 2 did not constitute reversible error.

In sum, the Crows' challenge to the confirmation order based on *Anderson* not only lacks substantive merit but also was never properly presented to the bankruptcy court. Meanwhile, the Crows' only other argument set forth in their opening brief – their Thirteenth Amendment argument – is not ripe for appeal. Thus, none of the Crows' arguments on appeal justify reversal.

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's confirmation order.